IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-603-ECM-JTA |
| | ) |
| MONTGOMERY COUNTY, ALABAMA, | ) (WO) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is the complaint filed by *pro se* Plaintiff Peter J. Smith. (Doc. No. 1.) For the reasons stated below, Smith will be required to amend his complaint.

As Smith is aware,[1] his *in forma pauperis* complaint[2] is subject to review under 28 U.S.C. § 1915(e)(2)(B). "That statute instructs the [c]ourt to dismiss any" *in forma pauperis* action it determines "is 'frivolous or malicious,'[3] 'fails to state a claim on which

---

[1] Smith "has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-cv-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23-cv-67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). As of the date of this Order, he has filed 76 cases in this District.

[2] By separate order, the court granted Smith leave to proceed *in forma pauperis*. (Doc. No. 7.)

[3] "A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(1) if it 'lacks an arguable basis either in law or in fact.'" *Smith v. Montgomery Cnty., Ala.*, No. 2:22-cv-307-ECM-JTA, 2023 WL 8610122, at *2 (M.D. Ala. Oct. 24, 2023) (citations and internal quotation marks omitted), *report and recommendation adopted*, No. 2:22-cv-307-ECM, 2023 WL 8607006 (M.D. Ala. Dec. 12, 2023). "[I]n determining whether a complaint is frivolous and malicious, 'a litigant's history of bringing unmeritorious litigation can be considered.'" *Id*. (quoting *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001)). "A complaint may be dismissed as frivolous and malicious under § 1915(e)(2)(B)(i) when the complaint is meritless abuse of judicial process." *Id*. (citing *Emrit v.*

relief may be granted,'[4] or 'seeks monetary relief against a defendant who is immune from such relief.'" *Smith v. Auburn Univ.*, No. 2:11-cv-364-MHT, 2011 WL 3627293, at *1 (M.D. Ala. July 22, 2011) (quoting § 1915(e)(2)(B)(i)-(iii)), *report and recommendation adopted*, No. 2:11-cv-364-MHT, 2011 WL 3625306 (M.D. Ala. Aug. 17, 2011).

In his complaint, Smith alleges that, on some unspecified date,[5] he was in the Montgomery Election Center in the Montgomery, Alabama office of the probate judge. Smith was there completing "voter paperwork" prior to the November 4, 2024 election.

---

*Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (affirming dismissal of litigation as malicious where the plaintiff was justifiably found to be a vexatious litigant and the complaint an abuse of process)).

[4] As Smith previously has been informed:

> The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

*Smith v. Montgomery Cnty., Ala.*, 2023 WL 8610122, at *2.

[5] The complaint was filed on September 25, 2024, so the events giving rise to Smith's claims could not have happened after that date. (Doc. No. 1.)

2

Two armed Montgomery County sheriff's deputies entered the room, "stood over" him, and asked him "all sort of wild questions" "as if [he] were a Black Male Criminal." (Doc. No. 1 at 1–3.) At some point, the deputies left and later returned to the room.[6] Smith asserts claims including voter intimidation, election interference, federal witness tampering, felony witness tampering, age discrimination, gender discrimination, racial discrimination, racial profiling, racial harassment, interfering with the voting process, tampering with a registered voter, and tampering with a United States citizen.[7]

The court has repeatedly informed Smith that a cognizable discrimination claim must be supported by specific factual averments demonstrating the defendant engaged in the challenged conduct because of Smith's protected status (age, race, etc.).[8] The court has

---

[6] No allegations are made that, upon returning to the room, the deputies interacted with Smith.

[7] Not all of these claims are recognizable civil causes of action. *See, e.g.*, *Smith v. Adrian*, No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 4) (June 9, 2023 Order requiring Smith to amend a complaint because, among other things, "there is no private right of action to pursue criminal charges" for witness tampering).

[8] *See, e.g.*, *Smith v. Montgomery Cnty., Ala.*, No. 2:22-cv-307-ECM-JTA, 2023 WL 8610122, at *5 (M.D. Ala. Oct. 24, 2023), ("[T]he Complaint contains no factual allegations to substantiate Smith's bare assertions that the various Montgomery County employees' motives were unlawfully discriminatory or otherwise actionable under federal law. Therefore, Smith's sparse factual allegations are insufficient to establish a federal cause of action for discrimination or harassment . . . ."), *report and recommendation adopted*, No. 2:22-cv-307-ECM, 2023 WL 8607006 (M.D. Ala. Dec. 12, 2023); *Smith v. Adrian*, No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 4-6) (June 9, 2023 Order requiring Smith to amend a complaint because, among other things, "[s]imply using the words 'discrimination' or 'harassment' will not state a plausible claim;" the case was subsequently dismissed for failure to comply with court orders because, as is his common practice, Smith did not amend his complaint as ordered); *Smith v. Montgomery Area Transit Sys. (MATS), Inc.*, No. 2:20-cv-779-WKW-JTA, 2022 WL 619130, at *4 (M.D. Ala. Jan. 7, 2022) (recommending dismissal, finding "Plaintiff's Title VI claim against MATS" for discrimination on federally funded transportation "fail[ed]" because Smith "assert[ed] in conclusory terms that he was subject to 'race discrimination,'" but neglected to "plead sufficient factual content from which it would be reasonable to infer that his rejection as a passenger on the MATS bus was due to his race"), *report and recommendation adopted sub nom. Smith v. Montgomery Area Transit Sys.,*

informed Smith that being treated badly while a member of a protected group is not sufficient to support an inference of discriminatory intent.[9] Yet, his own race, age, and gender are the only factual averments to connect his claims to a discriminatory motive. Accordingly, Smith must amend his complaint to restate his discrimination-based claims with adequate supporting factual allegations. *Ashcroft*, 556 U.S. at 678 (holding that Rule 8 of the Federal Rules of Civil Procedure sets a pleading standard that "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Smith also fails to state a cognizable claim for voter intimidation. To the extent he seeks to bring an action under Section 11(b) of the Voting Rights Act,[10] he does not allege

---

*Inc.*, No. 2:20-cv-779-WKW, 2022 WL 617182 (M.D. Ala. Mar. 2, 2022); *Smith v. Eike*, No. 2:12-cv-85-MHT-CSC, 2013 WL 639187, at *6 (M.D. Ala. Jan. 9, 2013), *report and recommendation adopted*, No. 2:12-cv-85-MHT, 2013 WL 639134 (M.D. Ala. Feb. 20, 2013) (stating, in a case in which Smith alleged that he was asked to leave a food establishment after purchasing food: "[e]vidence of discriminatory intent is required to establish a *prima facie* case of race discrimination" (*citing Hall v. Ala. Ass'n of School Bds.*, 326 F.3d 1157, 1167 (11th Cir. 2003)) (emphasis in original)).

[9] *See, e.g.*, *Smith v. Chick-Fil-A RSA Regions Tower*, No. 2:19-cv-128-WKW-SRW, 2019 WL 6794501, at *3 (M.D. Ala. Nov. 25, 2019), *report and recommendation adopted*, No. 2:19-cv-128-WKW, 2019 WL 6793627 (M.D. Ala. Dec. 12, 2019) ("Plaintiff's allegations of race and gender discrimination are brief, vague, and conclusory, and they fail to allege facts sufficient to support a plausible claim for relief . . . . The statement, 'I am a Black American Male [and] the Chick-Fil-A manager is a white female[,]' . . . offered without any supporting factual detail, is insufficient to allege unlawful discrimination, and fails to pass muster under Federal Rule of Civil Procedure 8.").

[10] Section 11(b) of the Voting Rights Act provides:

> No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to

facts from which one could reasonably infer the deputies' actions caused or could have caused him to be intimidated, threatened, or coerced from voting. The mere fact that the deputies approached Smith and questioned him, while he happened to be completing some kind of "voter paperwork" in the election center located in the office of the probate judge, alone is not sufficient to support an inference the deputies were engaged in voter intimidation.[11] *See Fair Fight Inc. v. True the Vote*, 710 F. Supp. 3d 1237, 1283 (N.D. Ga. 2024) (on appeal) ("Given the fact-specific nature of Section 11(b) cases, the Court outlined guidance for the Parties, based on the summary judgment evidence, specifying the showings Plaintiffs would need to make to succeed in their Section 11(b) claim: (1) that Defendants' actions directly or through means of a third-party in which they directed, (2) caused, or could have caused, (3) any person to be reasonably intimidated, threatened, or coerced from voting or attempting to vote.").

---

      intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote.

52 U.S.C. § 10307(b).

At this time, the undersigned does not determine whether § 11(b) creates a private right of action. *See Fair Fight Inc. v. True the Vote*, 710 F. Supp. 3d 1237, 1284 (N.D. Ga. 2024) (recognizing a split among authorities on whether § 11(b) creates a private right of action); *Andrews v. D'Souza*, 696 F. Supp. 3d 1332, 1351 (N.D. Ga. 2023) (recognizing a discrepancy among court rulings on the subject and concluding "there exists no private right of action under Section 11(b) of the VRA"). Nor does the undersigned here address whether the VRA gives rise to a claim for monetary damages, as Smith seeks in this case.

[11] Smith alleges that he asked the deputies if their "behavior [was] because United States V[i]ce President Kamala Harris [was] running for President of the United States in the November 5, 2024 Election." (Doc. No. 1 at 3.) The fact that *Smith* brought up a candidate for the November 2024 election does not create an inference *the deputies* were engaging in voter intimidation by approaching and questioning him.

Smith also fails to allege facts sufficient to establish a conspiracy "to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States." 42 U.S.C.A. § 1985(3). Again, the mere fact the deputies approached and questioned Smith, while he was completing "voter paperwork" in advance of an election, alone is not sufficient to establish that they were conspiring to deprive him of his voting rights. Moreover, "to establish a § 1985(3) conspiracy claim, [Smith] must show an agreement between 'two or more persons' to deprive him of his civil rights. 42 U.S.C. § 1985(3)." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). Montgomery County, Alabama, the sole named defendant, cannot conspire with itself, even if two or more of its agents or employees were acting in concert with each other. *See Dickerson*, 200 F.3d at 768 (applying the intracorporate conspiracy doctrine to hold a county could not be liable for a § 1985(3) conspiracy claim where the plaintiff alleged the conspiracy was comprised of the county and its employees). Accordingly, given the facts alleged in the complaint, Montgomery County cannot be liable under § 1985(3) for conspiracy to hinder Smith from supporting or voting for a candidate for office.

Thus, Smith's claims, as pled, are due to be dismissed pursuant to § 1915(e)(2)(B)(ii). It is not entirely beyond the realm of possibility, however, that Smith could amend his complaint to state a claim upon which relief could be granted. Consequently, the court will allow Smith **one** opportunity to amend his complaint. *See Smith v. Montgomery Police Dep't*, No. 2:16-cv-156-WKW, 2016 WL 7424489, at *2

(M.D. Ala. Dec. 23, 2016) (allowing Smith "an opportunity to adequately plead his voting rights and 42 U.S.C. § 1983 claims" "[i]n light of (1) the deference due the pleadings of *pro se* plaintiffs; (2) the fact that Smith is entitled to one opportunity to amend his complaint before dismissal under § 1915(e) if amendment would be required by Rule 15 of the Federal Rules of Civil Procedure; and (3) the fact that Smith's voting rights and 42 U.S.C. § 1983 claims are potentially subject to dismissal under § 1915(e) because the facts alleged are not sufficient to support those claims" (citing *Troville v. Venz*, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002)).

Accordingly, it is ORDERED that, **on or before May 15, 2025**, Smith shall file an amended complaint that complies with the following directives.

1. The amended complaint shall correctly name all defendants.

2. The amended complaint shall set out a short, plain statement of the facts on which Smith bases his claims. The amended complaint must specifically describe how each defendant acted, or failed to act, in a manner that harmed Smith. Smith must also state when defendants' alleged acts occurred.

3. The amended complaint shall present a short and plain statement of each claim showing Smith is entitled to relief. Each claim must be supported by sufficient factual allegations to "give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed R. Civ. P. 8(a)(2). The amended complaint shall set out each claim in a separately numbered count that specifies which law was allegedly violated and reference specific allegations of fact that support each

legal claim. Every cause of action must be recognized in law as civil cause of action.

*Smith is advised failure to comply with this Order may constitute grounds for dismissal. Such dismissal may be with or without prejudice. Smith is further advised his amended complaint will be subject to 28 U.S.C. § 1915(e)(2)(B) review.*

DONE this 1st day of May, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE